**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Physicians IPA Incorporated,<br>Plaintiff,<br>v.<br>IAS Arizona PLLC,<br>Defendant. | No. CV-26-00667-PHX-KML<br>**ORDER** |

Arizona Physicians IPA Incorporated, d/b/a UnitedHealthcare Community Plan of Arizona ("United"), sued IAS Arizona PLLC for fraudulently submitting a medical insurance claim according to the procedures in the federal No Surprises Act ("NSA"). (Doc. 1 at 1–3.) United alleges IAS unlawfully submitted a claim ineligible for the NSA's dispute resolution process, forcing United to pay reimbursements and associated fees. (Doc. 13 at 1.) IAS moved to dismiss. (Doc. 11 at 1–2.) Because this court lacks subject matter jurisdiction, IAS's motion to dismiss is granted without leave to amend.

## I. Background

United alleges Congress enacted the NSA to shield individual members of private commercial health insurance plans from surprise medical bills (Doc. 1 at 11)—for example, those incurred when a member chooses an in-network hospital for surgery but receives anesthesia from an out-of-network provider. The NSA established a framework for health plans and providers to resolve billing disputes on their own without involving patients.

(Doc. 1 at 11.) That process is called Independent Dispute Resolution ("IDR"). If an out-of-network provider disputes a reimbursement amount for services from a commercial health plan, either the provider or the plan may start IDR after an initial "open negotiation" period. (Doc. 1 at 11.) In IDR, the provider and the plan each submit proposed reimbursement amounts and a certified IDR Entity ("IDRE") makes a binding decision on which reimbursement figure is more appropriate. (Doc. 1 at 2–3, 12.) Disputes over insurance claims for patients covered by Medicare- or Medicaid-related plans are *not* eligible for submission to IDR; only claims submitted to and paid by certain commercial health plans qualify. (Doc. 1 at 5–7.)

IAS is an anesthesia services provider that is "out-of-network" with United, a health insurer. (Doc. 11 at 2.) In March 2025, IAS billed United for services provided to a Medicaid patient. (Doc. 1 at 15.) United paid IAS less than what IAS billed for, so IAS (through another organization, HaloMD, LLC) initiated the IDR process. (Doc. 13 at 4.) The IDRE eventually ruled in IAS's favor on the claim and ordered United to pay $1,575. (Doc. 1 at 20.)

United alleges this particular claim was ineligible for the IDR process from the start because the patient was insured through a managed Medicaid plan. (Doc. 1 at 15.) United alleges IAS "should have known" the claim was made under a Medicaid plan but "fraudulently attested" that the claim qualified for IDR. (Doc. 1 at 15, 19.) IAS's purportedly "deliberate misrepresentation to the IDRE, on which the IDRE relied," forced United to expend resources to handle the claim and pay IAS's requested reimbursement amount in full instead of the Medicaid rate. (Doc. 1 at 28.)

United brings a claim for declaratory relief under 28 U.S.C. §§ 2201 and 2202 and an Arizona common-law fraud claim. (Doc. 1 at 26–29.) IAS moved to dismiss for lack of subject matter jurisdiction, for failure to state and particularly plead a claim of fraud, and for failure to join a necessary party (the IDRE). (Doc. 11 at 3–5.)

## II. Legal Standard

A Rule 12(b)(1) attack on subject matter jurisdiction may be facial or factual. *White*

*v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack" like the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## III. Analysis

"A federal court can decide cases only when it has subject matter jurisdiction." *Shamrock Development Co. v. City of Concord*, 656 F.2d 1380, 1384 (9th Cir. 1981). To possess subject matter jurisdiction "[a]bsent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, a court has federal-question jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Id.*

However, federal courts may sometimes find federal-question jurisdiction where a federal issue is "a necessary element" of a state-law claim. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). A four-part test governs whether a state-law claim falls into this "slim category." *Id.* at 701; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The federal issue within the state-law claim must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

United does not argue that its claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 confers jurisdiction. (Doc. 13 at 6–9.) Nor could it. "The operation of the Declaratory Judgment Act is procedural only and does not confer arising under jurisdiction." *Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)) (simplified). That leaves United's state-law fraud claim as the only potential source for subject matter jurisdiction.

That claim does not confer jurisdiction either. To start, the claim fails the well-

pleaded complaint rule because it is not "based on federal law."[1] *Stillaguamish Tribe of Indians v. Washington*, 913 F.3d 1116, 1118 (9th Cir. 2019) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). United's allegations that IAS knowingly violated the NSA do not "constitute a federal claim" or "transform" a state-law fraud claim into a federal one. *Pozez v. Clean Energy Cap., LLC*, 593 F. App'x 631, 632 (9th Cir. 2015).

United's fraud claim likewise fails *Grable* because it does not present a "substantial" federal issue. Courts assess substantiality by considering "the importance of the issue to the federal system as a whole." *Id.* at 260. Issues may be substantial when they, for instance, "require[] an interpretation of a federal statute" or will "be controlling in numerous other cases." *City of Oakland*, 969 F.3d at 906 (quoting *Empire Healthchoice*, 547 U.S. at 700). United argues the federal issues are substantial because they are "significant to the federal system" and present "nearly pure issue[s] of law." (Doc. 13 at 8.) In reality, the disputed issues are primarily factual. United's fraud claim does not require an analysis of competing legal interpretations of the NSA; both parties agree Medicaid claims are not eligible for IDR under that statute and its implementing regulations. (Doc. 16 at 2 n.2.) At most, the elements of fraud would implicate whether IAS made a false representation when it submitted the claim at issue.[2] *Gibbons v. Williams*, 378 P.2d 926, 927 (Ariz. 1963). But that is a fact-bound determination specific to the case at hand, not a legal interpretation of the NSA. And given the limited impact such a factual determination

---

[1] The Ninth Circuit has previously said a state-law claim implicates federal-question jurisdiction only if the complaint satisfies "*both* the well-pleaded complaint rule *and* passes" *Grable*'s test. *Newtok Vill. v. Patrick*, 21 F.4th 608, 619 (9th Cir. 2021) (citing *Cal. Shock Trauma*, 636 F.3d at 542). An alternative approach views *Grable* as an "exception" to the well-pleaded complaint rule. *E.g.*, *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020); *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022). This split in authority appears to stem from courts' different conceptions of precisely what the "well-pleaded complaint rule" requires. The distinction does not affect the outcome here because United satisfies neither the well-pleaded complaint rule nor *Grable*.

[2] Independently, even if United could establish that IAS made a false representation, United has pleaded its fraud claim out of court. An Arizona fraud claim requires the same party who is ignorant of and relies on the falsity to suffer the consequent injury. *Borecki v. Safeguard Sec. & Commc'ns, Inc.*, No. CV-11-1983-PHX-GMS, 2012 WL 1343952, at *2 (D. Ariz. Apr. 18, 2012), *aff'd*, 540 F. App'x 811 (9th Cir. 2013) (quoting *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982)). Yet United knew the claim at issue was ineligible for IDR at the outset (Doc. 1 at 19–20), and the IDRE's alleged reliance on the falsity did not cause that entity injury. *Id.* These defects in United's allegations are sufficient alternative grounds for dismissal.

would have on *any* other case—much less "numerous other cases," *Empire Healthchoice*, 547 U.S. at 700—the federal issue here is not "significant to the federal system as a whole." *Gunn*, 568 U.S. at 264; *see also UnitedHealthcare Ins. Co. v. Maui Mem'l Emergency Med. Assocs., Inc.*, No. 26-cv-00040-DKW-WRP, 2026 WL 1965882, at *4 (D. Haw. July 7, 2026) (finding a claim nearly identical to the one here did not raise a "substantial" federal issue); *UnitedHealthcare of Pa., Inc. v. Northstar Anesthesia of Pa., LLC*, No. 25-cv-7187, 2026 WL 1145885, at *8 (E.D. Pa. Apr. 26, 2026) (same).

A claim must pass all four of *Grable*'s hurdles for jurisdiction to lie. *Gunn*, 568 U.S. at 258. Because the federal issue within United's fraud claim is not "substantial," the court's analysis may end there. *City of Oakland*, 969 F.3d at 907. *Grable* does not supply federal-question jurisdiction here.

## IV. Conclusion

Both of United's claims are dismissed for lack of subject matter jurisdiction. Leave to amend is not appropriate because any amendment would futile: the core of United's complaint does not give rise to a federal issue that satisfies all four *Grable* factors.[3] Dismissal is without prejudice. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("[I]n general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

/

/

/

/

/

[3] Leave to amend would be futile also because the NSA forecloses judicial review of IDR determinations subject to limited exceptions. 42 U.S.C. § 300gg111(c)(5)(E)(i); 9 U.S.C. § 10(a)(1)–(4). United's allegation that it knew IAS's eligibility attestation was false (Doc. 1 at 19–20) forecloses the only exception that could apply, for judicial review of fraudulently-procured awards. 9 U.S.C. § 10(a)(1); *Anthem Blue Cross Life & Health Ins. Co. v. HaloMD LLC*, No. 8:25-cv-01467, 2026 WL 982629, at *10 (C.D. Cal. Apr. 9, 2026) (declining to vacate IDR award based on allegedly fraudulent eligibility attestation because doing so would be an "end run[] around the NSA's limits on judicial review"), *appeal docketed*, No. 26-2355 (9th Cir. Apr. 16, 2026).

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 11) is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction. The Clerk of Court shall enter judgment and close this case.

Dated this 14th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**